UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY GUY OVERFELT,<br><br>    Plaintiff,<br><br>    v.<br><br>HAGERTY INSURANCE AGENCY, LLC, *et al.*,<br><br>    Defendants. | Case No. 19-cv-04297-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 5, 6 |

On September 12, 2019, the Court held a hearing on defendants' motions to dismiss the complaint. Although defense counsel attended the hearing, plaintiff's counsel failed to appear and the matter was submitted on the papers.[1] For the reasons set forth below, the Court GRANTS defendants' motions to dismiss and GRANTS plaintiff leave to amend consistent with the guidance provided by this order. The amended complaint shall be filed no later than **October 7, 2019**.

## BACKGROUND

Defendant Essentia Insurance Company ("Essentia") issues automobile policies, and defendant Hagerty Insurance Agency, LLC ("Hagerty") "is an insurance agency and/or broker that provides automobile coverage policies underwritten by Essentia." Compl. ¶¶ 6-7.[2] Plaintiff alleges that he obtained an insurance policy from defendants for his 1966 Ford Fairlane ("Fairlane"), and

---

[1] After the hearing, plaintiff's counsel responded to the Clerk's messages and stated that he had calendared the hearing for the wrong date.

[2] The amended complaint shall clarify whether Hagerty is Essentia's insurance agent as opposed to an insurance broker. *See generally* Hon. Walter Croskey et. al., Insurance Litigation Ch. 2 (The Rutter Guide 2019) (discussing distinction between, and respective duties of, "insurance agents" and "insurance brokers").

that he discovered the policy was inadequate after the Fairlane was declared a "total loss" after an accident. *Id.* ¶¶ 33-34.

According to plaintiff, Hagerty advertises that it specializes in classic car insurance and "promises to pay the agreed upon amounts." *Id.* ¶ 20. Plaintiff has attached to the complaint various Hagerty advertisements as they appeared on March 26, 2019. *Id.*, Ex. B. The complaint quotes from these advertisements as follows:

> Hagerty Collector & Classic Car Insurance. Why Hagerty? We're as passionate about cars as you are. Our deep knowledge of cars and their owners allows us to offer you better classic car insurance coverage for less.
>
> We [Hagerty] guarantee your value. Guaranteed Value. You tell us your classic's value and we'll confirm that it's fair. In the event of a total covered loss, we guarantee that you'll receive the amount we agreed upon.
>
> Expert in-house claims. Our claims adjusters undergo training in classic car repair, and our parts specialists can access the original replacement parts for every vehicle we insure.
>
> Guaranteed Value. More commonly known as "Agreed Value" coverage, it means you tell us the value of your classic and we'll affirm that it's a fair, accurate number. Then, we GUARANTEE that value will be paid to you in the event of a total covered loss . . . .

Compl. ¶¶ 20, 22. Plaintiff alleges that Hagerty "consistently communicated to him that there was effectively no limit to the value for which it would insure a classic automobile." *Id.* ¶ 21. Plaintiff alleges, "[h]ence, by advertising, as well as conduct in course of dealings, [d]efendant Hagerty held itself out as having special expertise in [c]lassic automobile insurance . . . and assumed a special relationship with [p]laintiff . . . ." *Id.* ¶¶ 24, 26.

Plaintiff alleges that he visited Hagerty's website on April 12, 2016, to obtain insurance coverage for his Fairlane. *Id.* ¶ 22. Plaintiff describes the website as having had a chat feature, which included a human avatar that communicated with plaintiff to assist him in completing the online insurance application. *Id.* ¶¶ 15-16. Plaintiff alleges that it was under prompt by this human avatar that he disclosed "the make, model, model-year, and estimated value of the vehicle." *Id.* ¶ 14. The complaint is silent regarding the estimated value that plaintiff disclosed.

Plaintiff alleges that after he submitted the application, he received an insurance policy ("Policy") that was issued and underwritten by Essentia. *Id.* ¶¶ 17-19. Essentia issued the Policy

2

on March 20, 2016. Essentia Mot. Dismiss at 1:3-5.[3] Plaintiff alleges that Hagerty renewed the Policy on March 20, 2018, and that the policy was effective from March 30, 2018 through March 30, 2019. *Id*. ¶¶ 13, 18. Plaintiff has attached a copy of the Policy to the complaint, and in relevant part, it states,

> Limit of Liability
>
> We will pay the limit shown under Coverage D in the Declarations for each scheduled vehicle, which is agreed to be the value of "your covered auto," in case of a total loss or "constructive total loss…."
>
> Vehicle(s) We Cover:
>
> 1966 Ford Fairlane 500 XL 2DR Hardtop Coupe….
>
> Guaranteed Value: $30,000

*Id*., Ex. A.

Plaintiff alleges that "he communicated his perceived value of the Fairlane on every pertinent communication with every [d]efendant Hagerty agent, as well as his willingness to pay the premiums required for full coverage of the value of the Fairlane." Compl. ¶ 23. Furthermore, according to plaintiff, various "unknown representative[s], working on behalf of [d]efendant Hagerty, communicated to [p]laintiff . . . that [p]laintiff was adequately insured . . ." and that "'he was in good shape insurance-wise (paraphrased).'" *Id*. ¶¶ 28, 156(i). Plaintiff alleges that he believed "that the Fairlane was insured for its full fair market value." *Id*. ¶ 29. Plaintiff does not allege any specificity about these communications, including when they occurred or the values that the parties discussed.

Plaintiff alleges that on May 12, 2018, he was driving the Fairlane and the brakes failed, causing him to crash into several steel pylons. *Id*. ¶¶ 30-32. According to plaintiff, "[t]he Fairlane was declared a total loss." *Id*. ¶ 33. Plaintiff alleges that "on information and belief, the Fairlane's value, immediately prior to the collision, and at the time it was insured with [d]efendants, was over $100,000." *Id*. However, plaintiff alleges that "[d]efendant[s] . . . subsequently refused to pay for property damage to the Fairlane to cover its entire fair market value . . . claiming that it was not

---

[3] The complaint does not state when the Policy was first issued. Essentia's motion states that the Policy was issued on March 20, 2016, and plaintiff's opposition does not assert otherwise.

obligated to do so under [p]laintiff['s] . . . insurance policy . . . ." *Id*. ¶¶ 36-37. Plaintiff alleges that "[d]efendant Hagerty failed to assess the required amount of insurance [and] . . . to provide [p]laintiff . . . with adequate policy coverage limits." *Id*. ¶¶ 34-35.

On May 10, 2019, plaintiff filed this lawsuit against defendants in Alameda County Superior Court. Defendants removed the case to this Court on July 26, 2019, pursuant to diversity jurisdiction. The complaint asserts the following eight causes of action against both defendants: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) negligent failure to obtain insurance coverage, (4) failure to use reasonable care, (5) intentional misrepresentation, (6) actionable deceit, (7) concealment, and (8) unfair business practices. Defendants move to dismiss all claims for failure to state a claim.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id*.

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis*., *Inc*., 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

4

to legal conclusions." *Iqbal*, 556 U.S. at 678.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.     Breach of Contract (First Cause of Action)**

Although unclear, plaintiff appears to allege that defendants breached a written contract—the Policy—and that defendants breached an oral and/or implied contract. Compl. ¶¶ 57-72. For example, plaintiff alleges that "[b]ased on either prior patronage (course of dealings), conduct and/or oral promises by Defendants . . . [p]laintiff . . . delegated the duty of assessing proper coverage and binding adequate coverage to [d]efendant Hagerty," while also alleging that "[d]efendants wrongfully denied [p]laintiff's claims under his insurance policy." *Id*. ¶¶ 58, 69. Plaintiff alleges that Hagerty breached because "[d]efendant Hagerty did not adequately assess [p]laintiff[']s] insurance needs or place adequate coverage . . . and . . . materially breached its obligations under such an agreement." *Id*. ¶¶ 64-65. Plaintiff alleges that Essentia breached because "[d]efendant Essentia promised to adequately insure [p]laintiff . . . and adequately insure his claims under said policy . . . but did not . . . and materially breached." *Id*. ¶¶ 66-68.

**A.     The Policy**

Essentia contends that plaintiff has not alleged facts showing a breach of the Policy. Hagerty moves to dismiss on the ground that because Hagerty is Essentia's agent and not a party to the Policy, it cannot be liable for breach of the Policy as a matter of law. Plaintiff does not respond to these specific contentions.

A plaintiff asserting a breach of contract must allege: (1) the existence of a contract, (2) either the plaintiff's performance or an excuse for nonperformance, (3) the defendant's breach, and

5

(4) resultant damage to the plaintiff. *Lortz v. Connell*, 273 Cal. App. 2d 286, 290 (1969).

The Court concludes that plaintiff has failed to state a claim against either defendant for breach of the Policy. The terms of the Policy provide that Essentia "will pay the limit shown . . . in the Declarations . . . for each scheduled vehicle . . . in case of a total loss," and that the guaranteed value of the Fairlane was "$30,000." Compl., Ex. A. Plaintiff does not allege that Essentia failed to pay $30,000 following the May 12, 2018 collision. Instead, plaintiff alleges that "[d]efendant Essentia promised to adequately insure [p]laintiff . . . and adequately process his claims under said insurance policy . . . but did not adequately insure [p]laintiff . . . or properly process [p]laintiff['s] claims." Compl. ¶¶ 66,67. It is unclear what plaintiff means by "adequately insure," and plaintiff does not identify any particular provision of the Policy that defendants allegedly breached. In order to state a claim for breach of the Policy, plaintiff needs to allege the specific provisions of the Policy that were breached, and how defendants breached.

Further, even if plaintiff can identify a specific provision of the Policy that was allegedly breached, in order to bring a claim for breach the Policy against Hagerty, plaintiff must be able to identify a legal basis to do so. An agent who enters into or negotiates a contract on behalf of a disclosed principal is not a party to the contract, and thus, cannot incur breach of contract liability. *See Tri-Delta Eng'g, Inc. v. Ins. Co. of N. Am.*, 80 Cal. App. 3d 752, 755, 759 (1978); *Walker v. Home Indem. Co.*, 145 Cal. App. 2d 318, 325 (1956). Here, Hagerty asserts that it is not a party to the contract, and plaintiff appears to agree. *See* Opp'n Essentia Mot. Dismiss at 5:15-16 ("Principal Essentia [is] bound by [a]gent Hagerty's [c]ontract [f]ormation."); *see also* Compl. ¶ 88 ("Defendant Essentia and [p]laintiff . . . entered into an agreement . . . (the 'Policy').").

Accordingly, the Court DISMISSES plaintiff's claim for breach of the Policy with leave to amend. If plaintiff amends this claim, plaintiff must specifically identify the provision(s) in the policy that were breached and allege with specificity how defendants breached. If plaintiff wishes to pursue this claim against Hagerty, plaintiff must allege a factual and legal basis for doing so.

**B.    Oral and/or Implied Contract**

Plaintiff alleges that through his course of dealings, and Hagerty's advertisements and

1  communications, an oral and/or implied contract arose between him and defendants. Plaintiff
2  alleges that an oral and/or implied contract arose, in part, from "either prior patronage (course of
3  dealings), conduct and/or oral promises by [d]efendants, along with and consistent with advertising
4  . . . , as well as [defendants'] expressly promising to pay agreed value for losses." Compl. ¶ 58.
5  Plaintiff alleges that under the oral and/or implied contract, Hagerty promised "to pay agreed value
6  for losses, . . . [and] to perform the duties of adequately assessing and placing adequate insurance
7  coverage in exchange for [p]laintiff[']s . . . promise to allow [d]efendant Hagerty to earn a
8  commission on such placement." *Id*. ¶¶ 58-63. Plaintiff alleges that "Hagerty did not adequately
9  assess [p]laintiff[']s . . . insurance needs or place adequate insurance…," making Hagerty directly
10 liable and Essentia, as the principal of agent Hagerty, vicariously liable for breach of contract. *Id*.
11 ¶¶ 64, 66-68.

12 "The elements of a breach of oral contract claim are the same as those for a breach of written
13 contract: a contract; its performance or excuse for nonperformance; breach; and damages." *Stockton*
14 *Mortg., Inc. v. Tope*, 233 Cal. App. 4th 437, 453 (2014); *see also Ladas v. Cal. State Auto. Ass'n*,
15 19 Cal. App. 4th 761, 770 (1993) ("Under basic contract law an offer must be sufficiently definite,
16 or must call for such definite terms in the acceptance that the performance promised is reasonably
17 certain.") (internal citation and quotation marks omitted). "A cause of action for breach of implied
18 contract has the same elements as does a cause of action for breach of contract, except that the
19 promise is not expressed in words but is implied from the promisor's conduct." *Yari v. Producers*
20 *Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008). However, "[t]here cannot be a valid, express
21 contract and an implied contract, each embracing the same subject matter, existing at the same time."
22 *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975). "The reason for this rule is simply that
23 where the parties have freely, fairly, and voluntarily bargained for certain benefits in exchange for
24 certain obligations, it would be inequitable to imply a different liability and to withdraw from one
25 party benefits for which he has bargained and to which he is entitled." *Id*.

26 The Court concludes that plaintiff has failed to state a claim for breach of oral contract or
27 for breach of an implied contract. The complaint does not specify the definite terms of the oral or
28 implied contracts, and instead vaguely alleges that defendants promised "to pay agreed value for

7

losses," and that Hagerty "promised to perform the duties of adequately assessing and placing adequate insurance . . . ." Compl. ¶¶ 58, 63. Plaintiff also relies on Hagerty's advertisements in support of his claims. *See id.* at ¶¶ 35, 63. However, advertisements generally do not constitute legally-binding offers unless they invite the public to perform an action without further negotiation. *See Harris v. Time, Inc.*, 191 Cal. App. 3d 449, 455 (2001). Plaintiff does not allege that the advertisements upon which he relied invited the public to perform a specific act. Furthermore, although plaintiff alleges that Hagerty made legally-binding oral promises by telling him that he was "in good shape" and that his "coverage is adequate," "an insured's request for 'sufficient coverage' and [an] agent's assurance that the policy provides 'adequate' coverage" do not place an expanded obligation on the agent or insurer." *Jones v. Grewe*, 189 Cal. App. 3d 950, 956 (2000). In addition, plaintiff has impermissibly intertwined his allegations regarding an oral contract and an implied contract. *See* Compl. ¶ 58 ("Based on either prior patronage (course of dealings), conduct and/or oral promises by defendants . . . ."). It is not clear from the complaint what plaintiff alleges were the terms of the oral contract versus the implied terms, and how those terms were different, if at all.

Accordingly, the Court DISMISSES plaintiff's claims for breach of oral and implied contracts. If plaintiff amends this cause of action, the amended complaint shall specify whether plaintiff is alleging a breach of oral contract or a breach of implied contract (and if plaintiff wishes to allege both, plaintiff must plead those claims separately). In addition, the amended complaint must specifically allege the elements of the claims, including the definite terms of the oral or implied contracts and defendants' breach.

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two)

Plaintiff alleges that defendants are liable for breach of the implied covenant of good faith and fair dealing because they "unfairly interfered with [p]laintiff['s] . . . right to receive benefits of that contract" after he "substantially performed." *Id*. ¶¶ 91-95. According to plaintiff, Essentia unfairly interfered with his right to receive benefits under the contract by "fail[ing] to adequately insure [p]laintiff…[and] process [p]laintiff's insurance claims." *Id*. ¶¶ 94-95. Plaintiff also alleges

8

that Hagerty interfered by "fail[ing] to procure adequate insurance coverage for [p]laintiff['s]…property." *Id*. ¶ 92.

Defendants argue that there can be no breach of the implied covenant where there is not first a breach of contract. Plaintiff responds by arguing that he has sufficiently alleged the existence of a contract, and thus, may in turn plead a breach of the implied covenant.

The implied covenant of good faith and fair dealing is read into a contract and its purpose is to protect its express terms by imposing an additional duty upon the parties to not "do anything which will injure the right of the other to receive the benefits of the agreement." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394-95 (1994). "[B]reach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Congleton v. Nat'l Union Fire Ins. Co.,* 189 Cal. App. 3d 51, 59 (1987) (internal citation and quotation marks omitted). The party alleged to have breached the implied covenant must have acted unreasonably and in bad faith. *Id*. at 58-59; *see generally* Hon. Walter Croskey et al., <u>Insurance Litigation</u> Ch. 12A ("Bad Faith") (The Rutter Guide 2019) (discussing cases involving breach of implied covenant of good faith and fair dealing). "It is well established a breach of the implied covenant of good faith is a breach of the contract, and that breach of a specific provision of the contract is not a necessary prerequisite to a claim for breach of the implied covenant of good faith and fair dealing." *Carson v. Mercury Ins. Co*., 210 Cal. App. 4th 409, 429 (2012) (internal citation omitted).

The Court concludes that plaintiff has failed to allege a breach of the implied covenant. First, to the extent plaintiff's claim is predicated on the Policy, plaintiff has failed to allege how defendants breached an implied covenant of the Policy.[4] If plaintiff's claim is based on an oral or implied contact, plaintiff has not sufficiently alleged the existence of such a contract, nor has plaintiff alleged how defendants breached an implied covenant. Second, the same factual allegations form the basis of this claim and plaintiff's insufficient contract claim. However, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek

---

[4] If Hagerty is not a party to the Policy, plaintiff may not bring a claim for breach of the implied covenant based on the Policy against Hagerty.

9

the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau*, 222 Cal. App. 3d at 1395.

Accordingly, the Court DISMISSES this claim with leave to amend. If plaintiff amends this claim, plaintiff must specifically allege the contractual predicate for the claim as well as defendants' additional unreasonable acts beyond any breach of the contractual duty itself.

### III. Negligent Failure to Obtain Insurance Coverage and Failure to Use Reasonable Care (Counts Three and Four)

Plaintiff alleges that defendants were negligent and negligently failed to obtain insurance coverage because plaintiff "requested [d]efendant[s] . . . to obtain adequate automobile insurance for the Fairlane" . . . and [they] were negligent under their ordinary standard of care in failing to obtain the promised insurance." Compl. ¶¶ 110-11, 129, 132-33. Plaintiff also alleges that Hagerty negligently failed to obtain insurance coverage because it assumed a special duty "by holding itself out with special expertise in [c]lassic cars and promising to pay agreed value." *Id.* ¶ 112.

Defendants contend that plaintiff has failed to state a claim for negligent failure to obtain insurance coverage because plaintiff does not allege that he requested $100,000 in coverage. Hagerty also argues that plaintiff has failed to plead facts showing that Hagerty assumed a special duty to insure plaintiff for $100,000. Essentia also argues that as a matter of law, an insured cannot sue an insurer for mere negligence.

#### A. Negligent Failure to Obtain Insurance Coverage

"An insurance agent has an 'obligation to use reasonable care, diligence, and judgment in procuring insurance requested by an insured.'" *Desai v. Farmers Ins. Exch.*, 47 Cal. App. 4th 1110, 1119 (1996) (citation omitted). An agent's "failure to obtain the type of insurance requested by an insured may constitute actionable negligence and the proximate cause of injury." *Id.* at 1120. "Moreover, if the agent fails to exercise reasonable care in procuring the type of insurance that the insured demanded and bargained for, the cases hold that the insurer may be liable under theories of

10

ratification and ostensible authority." *Id*.; *see also Lippert v. Bailey*, 241 Cal. App. 2d 376, 379, 381-84 (1966) (insurer could be held liable for negligence of agent where the insured instructed the agent to procure $15,000 in coverage and after a fire discovered that the agent had only obtained $5,000).

The Court concludes that plaintiff has failed to state a claim against either defendant for negligent failure to obtain insurance coverage. Unlike the insured in *Lippert*, plaintiff does not allege that he requested anything different than the coverage that was provided. Plaintiff alleges that he "requested [d]efendant[s]…to obtain *adequate* automobile insurance…" Compl. ¶ 110 (emphasis added). Plaintiff does not allege that he ever asked either defendant for more than $30,000 in coverage or that defendants ever told him that the Fairlane was insured for more than $30,000. Thus, plaintiff has not sufficiently pleaded that the defendants are liable for negligent failure to obtain insurance coverage.

### B. Failure to Use Reasonable Care

As an initial matter, it is not clear how this cause of action is different than the claim for negligent failure to obtain insurance coverage. Aside from certain exceptions (such as that discussed *supra*), "negligence generally is *not* among the theories of recovery available against insurers." Hon. Walter Croskey et al., Insurance Litigation Ch. 12, ¶ 12:205 (The Rutter Guide 2019) (emphasis in original); *see also Moss v. Infinity Insurance Company*, 197 F. Supp. 3d 1191, 1202 (2018) (citing *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249, 254 (1999)).

In addition, "[a]s a general proposition, an insurance agent does not have a duty to volunteer to an insured that the latter should procure additional or different insurance coverage. Thus, ordinarily the insurance agent's duty is to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Williams v. Hilb, Rogal & Hobbs Ins. Serv. of Cal., Inc.*, 177 Cal. App. 4th 624, 635 (2009) (internal citations and quotation marks omitted). "The rule changes, however, when—but only when—one of the following three things happens: (a) the agent misrepresents the nature, extent, or scope of the coverage being offered or provided . . . , (b) there is a request or inquiry by the insured for a particular type or extent of coverage . . . , or (c) the agent

11

assumes an additional duty by either express agreement or by holding himself out as having expertise in a given field of insurance being sought by the insured . . . ." *Id*. at 635-36 (internal citations and quotation marks omitted); *see also Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 921-27 (1997) (discussing cases).

To the extent plaintiff seeks to allege a negligence claim based on alleged misrepresentations or Hagerty assuming an additional duty to plaintiff, the Court concludes that plaintiff has failed to state a claim because plaintiff's allegations are vague and conclusory. Plaintiff alleges that he "requested advice on how and when to place adequate insurance coverage," that "Hagerty promised to obtain that coverage for him," and that Hagerty holds itself out as an expert in classic automobile insurance. Compl. ¶ 129. The complaint does not contain allegations regarding any specific communications between him and Hagerty or any specific representations that Hagerty made about the insurance coverage. Plaintiff does not allege the "estimated value" of the Fairlane that he disclosed to Hagerty, nor does the complaint contain specific details regarding Hagerty's alleged representations that the coverage provided was "adequate."

Accordingly, the Court DISMISSES the negligence claims with leave to amend. If plaintiff wishes to pursue negligence claims against either defendant, the amended complaint shall clearly allege the theory of negligence (such as failure to obtain requested insurance or misrepresentations about coverage) and the specific facts in support of the claims. Further, to the extent plaintiff seeks to hold Essentia liable for negligence, plaintiff must cite legal authority to do so.

**IV. Intentional Misrepresentation, Actionable Deceit, and Concealment (Counts Five, Six, and Seven)**

Plaintiff alleges that defendants are liable for fraud because they "intentionally or negligently misrepresented facts" when "[d]efendant Hagerty's agent communicated to plaintiff that . . . 'he was in good shape insurance-wise (paraphrase),'" when, in reality, [d]efendant Hagerty completely neglected to perform any actions to assess . . . insurance . . ." and "communicated to [p]laintiff . . . that [p]laintiff . . . was adequately insured, when in reality [d]efendant Hagerty completely neglected to place adequate coverage." *Id*. ¶ 156. Plaintiff further alleges that these same statements from

12

Hagerty constituted concealment of material facts. *Id.* ¶ 158.

Essentia argues that the Court should dismiss the three claims for fraud because plaintiff fails to sufficiently plead that it, as opposed to Hagerty, made any misrepresentations of fact to him. Hagerty also moves to dismiss these claims on the ground that plaintiff does not plead with particularity the circumstances surrounding the alleged fraudulent conduct, and that plaintiff has not alleged reliance. Plaintiff contends that, through agency principles, Essentia is liable for Hagerty's misrepresentations, and plaintiff contends that he has plead those misrepresentations with particularity.

Despite some differences between these causes of action, intentional misrepresentation, actionable deceit, and concealment are all variations of fraud. *See Finch Aerospace Corp. v. City of San Diego*, 8 Cal. App. 5th 1248, 1252 (2017). When bringing a claim of fraud, the plaintiff must plead (1) a misrepresentation, in the form of false representation, concealment, or nondisclosure; (2) intent to defraud; (3) scienter; (4) justifiable reliance; and (5) resultant damages. *Golden Eagle Land Invest., L.P. v. Rancho Santa Fe Assn.*, 19 Cal. App. 5th 399, 428 (2018). The plaintiff must plead each element with particularity. *Id.* To satisfy this heightened pleading standard, the plaintiff must allege that which is false about the defendant's representation, and "'the who, what, why, when, and where'" of the allegedly fraudulent conduct. *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 2018); *see generally* Hon. Walter Croskey et al., Insurance Litigation Ch. 11C ("Fraud") (The Rutter Guide 2019).

The Court concludes that plaintiff has not stated a claim for any type of fraud because those claims are not alleged with particularity. Plaintiff has not alleged that either defendant misrepresented or concealed any specific facts. Plaintiff alleges that Hagerty misrepresented facts by leading him "to reasonably believe" the following, including: "that defendant Hagerty had adequately assessed . . . [his] insurance requirements when . . . defendant Hagerty completely neglected to perform any actions to assess"; that "[d]efendant Hagerty had bound adequate insurance requirements when . . . [d]efendant Hagerty completely neglected to place adequate insurance coverage"; and that Hagerty "had adequately assessed [p]laintiff['s] . . . insurance requirements when . . . both defendant[s] . . . completely neglected to perform any such actions." Compl. ¶ 156(i-

13

iii). These allegations are vague and conclusory because plaintiff does not allege with specificity how Hagerty led plaintiff to reasonably believe that Hagerty had adequately assessed plaintiff's insurance requirements. Plaintiff does not allege any details about the communications, including what he disclosed as the Fairlane's value or what Hagerty told plaintiff about its "assessment" of the Fairlane's value.

Accordingly, the Court DISMISSES the fraud claims with leave to amend. If plaintiff amends these claims he must do so with particularity, and he must allege each element of these claims, including scienter and reliance.

## V. Unfair Competition (Count Eight)

Plaintiff alleges that defendants are liable for unfair competition pursuant to California Business & Professions Code § 17200 because they "engaged in unlawful, unfair or fraudulent business act[s] . . . and unfair, deceptive, untrue, or misleading advertising by . . . promising to adequately assess the required coverage but failing to do so; . . . [i]n advertising . . . , guaranteeing to pay "agreed" value, but refusing to do so; [and] [r]efusing to process [p]laintiff[s'] claim in the manner agreed upon." Compl. ¶ 222. Defendants argue that plaintiff fails to allege that defendants engaged in any unlawful, unfair, or fraudulent business acts.

The Court concludes that plaintiff has failed to state a claim against either defendant for unfair competition. Unfair competition arises from any one of the following three modes of conduct, including: (1) unlawful business practices, (2) unfair business practices, and (3) fraudulent business practices. *See* Cal. Bus. & Prof. Code § 17200. When a plaintiff brings a claim for unlawful business practices, the plaintiff must allege, among other things, that a business act by the defendant is "unlawful." *Sandoz Inc. v. Amgen Inc.*, 137 S. Ct. 1664, 1673 (2017). An act is unlawful when the law prohibits it. *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 674 (9th Cir. 2007) (explaining that an act is "unlawful" if it violates "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made). A business practice is unfair when it offends public policy; is immoral, oppressive, unethical, unscrupulous, or substantially injurious to consumers; or causes harm that outweighs the benefit of the act. *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th

14

Cir. 2008); *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010). To effectively plead a claim for fraudulent business practices, the plaintiff must allege that a defendant's practice is likely to deceive consumers. *Shroyer*, 622 F.3d at 1044. The plaintiff must allege the fraudulent aspects of the business practice with as much particularity as one would for a claim of fraud. *Pemberton v. Nationstar Mortgage*, LLC, 331 F. Supp. 3d 1018, 1048 (S.D. Cal. 2018).

Plaintiff alleges that defendants engaged in an unlawful business practice by "[p]romising to adequately assess the required coverage, but failing to do so; …advertising and…guaranteeing to pay 'agreed' value, but refusing to do so; [and] [r]efusing to process…his… claim in the manner agreed upon." Compl. ¶ 222. This conclusory allegation, without more, does not amount to a violation of law. Plaintiff relies on these same vague allegations in support of his claim that defendants engaged in unfair and fraudulent business practices. For the reasons set forth above, these allegations are deficient.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motions to dismiss plaintiff's complaint and GRANTS plaintiff leave to amend consistent with this order. The amended complaint shall be filed no later than **October 7, 2019**.

**IT IS SO ORDERED**.

Dated: September 24, 2019

_____
SUSAN ILLSTON
United States District Judge